UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff<br><br>v.<br><br>JUSTIN ANTHONY FISHER and JOSHUA RAY FISHER,<br><br>       Defendants | Case No.: 2:17-cr-00073-APG-EJY<br><br>**Order Denying Joshua Ray Fisher's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255**<br><br>[ECF No. 251] |

Defendant Joshua Ray Fisher pleaded guilty to possession of child pornography, sexual exploitation of children, receipt of child pornography, coercion and enticement, and conspiracy to sexually exploit children. ECF Nos. 161; 162 at 1-3. I sentenced him to a total of 300 months' imprisonment. ECF No. 190 at 3. Fisher appealed. ECF No. 192. The Ninth Circuit affirmed. ECF No. 245.

Fisher now seeks to vacate his conviction and sentence under 28 U.S.C. § 2255 raising a single claim of ineffective assistance of counsel with multiple subparts. The Government responds that none of the grounds for relief have merit. I deny the petition, decline to hold an evidentiary hearing, and deny a certificate of appealability.

**I. ANALYSIS**

To prevail on a claim of ineffective assistance of counsel under § 2255, Fisher must show counsel's performance was deficient and that counsel's deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To show deficient performance, Fisher must show that his "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Harrington v. Richter*, 562 U.S.

86, 104 (2011) (simplified).  The "proper standard for attorney performance is that of reasonably effective assistance." *Strickland*, 466 U.S. at 687.  "When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 687-88.  I review an ineffectiveness claim against the backdrop of the "strong presumption that counsel's representation was within the wide range of reasonable professional assistance." *Stokley v. Ryan*, 659 F.3d 802, 811 (9th Cir. 2011) (quotation omitted).

To establish prejudice, Fisher must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*  The movant thus does not prove prejudice by listing the things he thinks his attorney should have done, and then speculating that, had he done them, there might have been a different outcome.  Rather, the movant must state the specific facts that, but for counsel's deficient performance, likely would have produced a more favorable result. *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994) ("Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief."); *Gonzalez v. Knowles*, 515 F.3d 1006, 1015-16 (9th Cir. 2008) ("Gonzalez does not contend that he actually suffered from a mental illness; he merely argues that if tests had been done, and if they had shown evidence of some brain damage or trauma, it might have resulted in a lower sentence.  Such speculation is plainly insufficient to establish prejudice." (emphasis omitted)).

/ / / /

/ / / /

/ / / /

### A. Claims Related to the *Franks* Hearing

Fisher raises several claims related to the *Franks*[1] hearing regarding the 2016 search warrant for the search of the Burkehaven Avenue residence (the "Fisher residence"). He asserts that his counsel did not call a witness from Tumblr "who would have testified that Scott Miller's affidavit was full of outright lies," and that same witness "would also have established that none of the images or video were uploaded from the Fisher residence." ECF No. 251 at 4. He likewise contends that his lawyer did not call a witness from NCMEC,[2] who "would have testified that Detective Miller did, in fact, falsify his affidavit to mislead the Justice of the Peace." *Id.* Next, he asserts that his lawyer did not "bring up the fact that any 'friend' of the Tumblr user mcw could have uploaded content to the blog." *Id.* Finally, he contends that his lawyer did not "bring up exculpatory facts at the Frank's [sic] hearing." *Id.*

The Government responds that I should deny these claims as mere repackaging of the claims Fisher brought on direct appeal, which he cannot relitigate through a § 2255 petition. The Government also argues that Fisher does not identify what the witnesses would have said or how their testimony would have shown that the images were not uploaded from the Fisher residence had they been called to testify. As for the allegation that counsel did not point out that a friend of Tumblr user mcw could have uploaded the images, the Government argues that issue was irrelevant at the *Franks* hearing because that hearing focused on whether the search warrant affidavit contained knowing or reckless material misrepresentations and whether the affidavit would still support probable cause if any misrepresentations were corrected. Thus, the Government contends, the issue of whether a friend could have uploaded the images was

---

[1] *Franks v. Delaware*, 438 U.S. 154 (1978).

[2] The National Center for Missing and Exploited Children.

irrelevant to whether the police had probable cause to search the Fisher residence.  Finally, the Government argues that Fisher cannot show prejudice because other information showed there was probable cause for the search regardless of any alleged misrepresentations.

"Section 2255 may not be invoked to relitigate questions which were or should have been raised on a direct appeal from the judgment of conviction." *Hammond v. United States*, 408 F.2d 481, 483 (9th Cir. 1969).  Consequently, a petitioner cannot raise in his § 2255 motion a claim that he raised on direct appeal, "absent a showing of manifest injustice or a change in the law." *Polizzi v. United States*, 550 F.2d 1133, 1135 (9th Cir. 1976).  A claim for relief is the same as one raised on direct appeal "if the basic thrust or gravamen of the legal claim is the same, regardless of whether the basic claim is supported by new and different legal arguments." *Molina v. Rison*, 886 F.2d 1124, 1129 (9th Cir. 1989) (simplified).  A newly raised issue is a new claim only if it "is itself a ground for relief, as opposed to being merely a supporting argument or predicate step to a larger, basic claim." *Id.* (emphasis omitted).

Fisher raised on direct appeal the issue of whether I erred by denying the motion to suppress based on the argument that "the affidavit supporting the probable cause search warrant for Defendant Justin Fisher's[3] residence contained material, intentionally false and/or reckless statements and omissions that misled the issuing judge." *United States v. Fisher*, 56 F.4th 673, 676 (9th Cir. 2022).  The Ninth Circuit affirmed my denial of the motion to suppress because "Detective Miller's affidavit in support of the November 21, 2016 search warrant did not contain material misstatements or omissions." *Id.* at 683.  The Ninth Circuit also concluded that Miller's affidavit was supported by information other than the alleged misrepresentations, including "results from the July 1, 2016 Tumblr search warrant," that supported a finding of probable

---

[3] Justin Fisher is Fisher's brother who was also charged in this case.

4

cause to search the Fisher residence. *Id.* at 685. In sum, the Ninth Circuit concluded that because Fisher "fail[ed] to show that Detective Miller's affidavit contained any material false statements or omissions (much less any such statements knowingly or recklessly made), there is no basis on which to find that the district court erred in its factfinding, or that the issuing judge was materially misled when reaching a probable cause determination." *Id.*

Most of Fisher's arguments related to the *Franks* hearing seek to relitigate whether Detective Miller made misrepresentations in his affidavit, which Fisher cannot do at this stage of the proceedings. But even if he could, he presents only conclusory and speculative statements that witnesses from Tumblr and NCMEC would have testified that Miller falsified facts in his affidavit without specifying what was allegedly false. Nor does Fisher explain how a Tumblr witness "would [] have established that none of the images or video were uploaded from the Fisher residence." ECF No. 251 at 4. And he does not address other evidence, such as the information obtained from the Tumblr search warrant and the Cox Communications subpoena, that supported probable cause for the search warrant of the Fisher residence, regardless of any alleged inaccuracies in Miller's affidavit. He therefore has not shown either deficient performance or prejudice resulting from counsel not calling witnesses from Tumblr and NCMEC.

Finally, Fisher's arguments that his counsel should have asserted at the *Franks* hearing that "any 'friend' of the Tumblr user mcw could have uploaded content to the blog" and that counsel should have brought up exculpatory facts also fail. *Id.* As the Ninth Circuit stated, "Detective Miller's affidavit, relying on the CyberTipline Report as well as the results of the Cox Communications subpoena and the Tumblr search warrant, established a fair probability that evidence of a crime will be found in a particular place—here, the Burkehaven Avenue

Residence." *Fisher*, 56 F.4th at 685 (simplified).  The *Franks* hearing thus addressed whether there was probable cause to support the search warrant, not whether Fisher was the person who uploaded the files or was otherwise criminally responsible. *See United States v. Perkins*, 850 F.3d 1109, 1116 (9th Cir. 2017) ("To prevail on a *Franks* challenge, the defendant must establish two things by a preponderance of the evidence: first, that the affiant officer intentionally or recklessly made false or misleading statements or omissions in support of the warrant, and second, that the false or misleading statement or omission was material, i.e., necessary to finding probable cause." (simplified)).  Explanations for who might have uploaded the images or other exculpatory evidence were not at issue at that hearing.  Consequently, Fisher cannot show either deficient performance or prejudice from his counsel failing to raise irrelevant issues at the *Franks* hearing. *See Sanders v. Cullen*, 873 F.3d 778, 815 (9th Cir. 2017) ("The failure to raise a meritless legal argument does not constitute ineffective assistance of counsel." (quotation omitted)).

### B.  Civil Commitment

Fisher states in his petition that his lawyer "promised the deal [he] signed would make [him] ineligible for civil commitment." ECF No. 251 at 4.  The Government responds that even assuming counsel made this type of representation, Fisher has not shown that had he known otherwise, he would have rejected the plea deal and gone to trial, so he cannot show prejudice.

"In the context of a plea, a petitioner satisfies the prejudice prong of the *Strickland* test where there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Smith v. Mahoney*, 611 F.3d 978, 986 (9th Cir. 2010) (quotation omitted).  Fisher has not stated that he would not have pleaded guilty if counsel had told him he would be eligible for civil commitment.  Nor does it seem reasonably likely that

6

Fisher would have rejected the deal for this reason because going to trial also would have exposed him to the possibility of post-sentence civil commitment and because the evidence of Fisher's guilt was very strong. *See* ECF No. 162 at 21-23 (plea agreement setting forth the factual basis for the plea). I therefore deny Fisher's claim for relief on this ground.

### C. Supervised Release Conditions and the Presentencing Report

Fisher states that his counsel "failed to object to supervised release conditions." ECF No. 251 at 4. He also states that his counsel "failed to object to the PSR, after [he] made it plain that he wanted the PSR objected to." *Id*. The Government responds that Fisher's counsel objected to certain aspects of the PSR, so to the extent Fisher is making a generalized contention that counsel did not object to the PSR, he is incorrect. The Government asserts that if his argument is in reference to counsel's failure to object to the PSR's recommendation of supervised release conditions, then it fails because Fisher does not identify what conditions he wanted counsel to object to, and he has not shown prejudice because it is unlikely that the court would not have imposed the standard conditions, mandatory conditions, and conditions that Fisher agreed to in his plea agreement. Further, the Government notes that when asked about the supervised release conditions at sentencing, Fisher acknowledged he had read them and discussed them with his attorney, and he voiced no objection at that time.

Fisher's claims are conclusory. He does not identify what condition of supervised release he wanted his lawyer to object to nor does he state what grounds counsel would have had for objecting. At sentencing, I asked if there were objections to the conditions and there were none, including when I asked Fisher to confirm on the record that he had been given the terms and conditions. ECF No. 208 at 102-04. Fisher therefore has not shown deficient performance or prejudice.

Similarly, Fisher does not identify what in the PSR his counsel should have objected to or what grounds there were to object. At sentencing, I asked Fisher if he had a chance to read the PSR, whether he had discussed it with his lawyer, and whether his lawyer was "able to answer all of [his] questions about that report," and Fisher answered in the affirmative. *Id.* at 7. I also asked Fisher "[o]ther than the objections that we'll get to, are you aware of any other factual errors in the report that we need to fix?" *Id.* Fisher responded, "I am not." *Id.* I then went through the various objections that Fisher raised and those were resolved without further argument or objection. *Id.* at 10-14. Fisher therefore has not shown deficient performance or prejudice.

### D. Withdrawing the Plea

Fisher states that his counsel "lied to [him] about his ability to withdraw[] his guilty plea." ECF No. 251 at 4. The Government responds that Fisher has not identified the alleged lie or how he was prejudiced. It also contends that the record reflects Fisher was advised about the consequences of his guilty plea multiple times orally and in writing and that Fisher affirmed he understood. The Government argues that even if Fisher could show deficient performance, he cannot show prejudice because he has not identified a valid basis for him to withdraw his plea.

Fisher has not identified the alleged lie about his ability to withdraw his plea, nor has he indicated that he wanted to withdraw his plea or had any grounds on which to do so. Further, at his change of plea hearing, I advised Fisher that once he pleaded guilty it was "really, really hard to take it back." ECF No. 207 at 4. I then engaged in an extensive discussion with Fisher and his counsel regarding his change of plea. *Id.* at 4-55. Fisher stated under oath that he was informed of the charges against him, that his attorney was able to answer all of his questions, and that he was fully satisfied with his attorney's representation of him. *Id.* at 6-8, 12-13. I also specifically

8

questioned Fisher on whether he understood that the plea agreement's terms were not binding on me and if I decided not to follow the agreement's terms, "that would not give [Fisher] the right to withdraw [his] guilty plea." *Id.* at 38, 46.  Fisher responded that he understood and that he knowingly and voluntarily entered the plea. *Id.* at 38, 41-42.  Finally, I asked Fisher if he had any additional questions or concerns that he wanted to talk to his lawyer about because "next I'll call for your plea but I want to make sure you've got all the advice you feel like you need to make an informed decision.  So, if you want to consult with your lawyers, feel free." *Id.* at 48.  I asked Fisher if he had any additional questions for his lawyer and he said he did not. *Id.*  Fisher thereafter pleaded guilty. *Id.* at 50-51.  Fisher has not shown deficient performance or prejudice.

### E. Evidentiary Hearing

I need not hold an evidentiary hearing because Fisher's claims are conclusory or belied by the record. *See Shah v. U.S.*, 878 F.2d 1156, 1161 (9th Cir. 1989) ("Mere conclusory allegations do not warrant an evidentiary hearing.").

### F. Certificate of Appealability

To appeal this order, Fisher must receive a certificate of appealability from a circuit or district judge. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b)(1); 9th Cir. R. 22-1(a).  To obtain this certificate, Fisher "must make a substantial showing of the denial of a constitutional right, a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation omitted).  Reasonable jurists could not debate that Fisher has failed to show he is entitled to relief.  I therefore deny him a certificate of appealability.

## II. CONCLUSION

I THEREFORE ORDER that defendant Joshua Ray Fisher's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 **(ECF No. 251) is DENIED**.

I FURTHER ORDER the clerk of court to enter a separate civil judgment denying defendant Joshua Ray Fisher's § 2255 motion. The clerk shall file this order and the civil judgment in this case and in the related civil case number 2:23-cv-1959-APG, and then close that case.

I FURTHER ORDER that Joshua Ray Fisher is denied a Certificate of Appealability.

DATED this 24th day of January, 2025.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE